### H. C. WARMOUTH v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—531.]

**Criminal Law—Grand Larceny.**

> Where money is deposited with the agent of an express company for transportation to designated points and is feloniously abstracted by the agent, he is guilty of grand larceny, the title and possession being in the express company as a common carrier.

### APPEAL FROM MEADE CIRCUIT COURT.

December 12, 1882.

OPINION BY JUDGE HARGIS:

The appellant was agent of the Adams Express Co., and as such receipted to various persons for money packages deposited by them with him for the company to be carried by it to different destinations for hire. After the moneys were receipted for, sealed up, and delivered to the appellant in the office of the company he

feloniously abstracted about $2,700 of the money deposited by different persons. He was indicted and convicted of the offense of grand larceny and he here complains that his offense was embezzlement and not grand larceny and his conviction was, therefore, illegal. There is no evidence in the record that the Adams Express Co. is a corporation, hence the statute of embezzlement from corporations does not apply to this case. He was the servant of the company and as such after the money had been received and receipted for by him as its agent, he feloniously converted the money which was then the property of the company to his own use, and, as we think, committed the offense of grand larceny because the possession of the money was in the possession of the company which it acquired through its agent, and in the only way its possession could be manifested in the transaction of its ordinary business as a common carrier, and the title to the money was absolute in the company to the extent that it was responsible for its loss unless resulting from the act of God or the public enemy.

Wherefore the judgment is *affirmed*.

*C. C. Fairleigh, Lewis & Fairleigh, for appellant.*

*M. A. & D. A. Sachs, P. W. Hardin, for appellee.*